UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80886-CIV-ROSENBAUM

TERESA M. MORRISON,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

This matter is before the Court on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act. [D.E. 34]. This case was referred to me by the Honorable William P. Dimitrouleas pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida. [D.E. 3]. The parties, however, consented to jurisdiction before me on January 12, 2009, [D.E. 12] and the case was transferred to me on January 22, 2009. [D.E. 19]. With respect to the motion now pending before the Court, I have reviewed Plaintiff's Application, Defendant's Response [D.E. 35], and the file in this case. Upon such review, I now **GRANT** the Application for Attorney's Fees.

### *I. DISCUSSION*

Plaintiff filed a Complaint seeking review of the final decision of the Commissioner of Social Security denying benefits under the Social Security Act. [D.E. 1]. Defendant, the Commissioner of Social Security ("Commissioner"), filed an Answer to the Complaint [D.E. 9], as well as the Transcript of the proceedings below [D.E. 10]. After the Court entered an Order Setting Briefing

Schedule, Plaintiff filed her Motion for Summary Judgment [D.E. 20], Defendant filed his cross-motion for Summary Judgment [D.E. 24], and Plaintiff filed her Response in Opposition to Defendant's Motion for Summary Judgment. [D.E. 26, 27]. The Court then entered an Order Setting Hearing on the cross Motions for Summary Judgment. [D.E. 29].

After the matter was heard, the Court issued its Order granting in part and denying in part Plaintiff's Motion for Summary Judgment. [D.E. 31]. As set forth in the Order, the Court reversed and remanded this action pursuant to sentence four of 42 U.S.C. § 405(g) and entered a Final Judgment in favor of Plaintiff pursuant to Rule 58, Fed. R. Civ. P. [D.E. 26].

Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 504. In her Petition, Plaintiff requests $4,235.00 in attorneys' fees, representing 24.2 hours of work. The Commissioner filed his Response to the Application, indicating that he has no objection to the amount sought. [D.E. 35].

Pursuant to the EAJA, the Court may award a prevailing party plaintiff attorney's fees unless the Commissioner can show that his position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing that its position is substantially justified. *See Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987). Additionally, a plaintiff is a prevailing party in a Social Security case where a remand is obtained requiring plaintiff's case to be reconsidered by the Commissioner. *See Jackson v. Charter*, 99 F.3d 1086, 1097 (11th Cir. 1996). The Supreme Court has held that a plaintiff who obtains a sentence four remand reversing the Commissioner's denial of benefits is a prevailing party for purposes of a fee award. *Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993).

Here, it is undisputed that Plaintiff is a prevailing party in this case and is entitled to a fee

award under the EAJA.  The EAJA states that the amount of attorney fees to be awarded a prevailing party "shall be based upon prevailing market rates for the kind and quality of services furnished," except that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved justifies a higher fee."   28 U.S.C. §2412(d)(2)(A)(ii).

Plaintiff, as the prevailing party, requests to be compensated for 24.2 hours of work at a rate of $175.00 per hour, for a total of $4,235.00.  [D.E. 34].  Plaintiff asserts that the Commissioner's position was not justified in this case and, hence, Plaintiff is entitled to her attorney's fees.  Defendant, in his Response, notes that he does not object to Plaintiff's claim for her fees and costs, nor does he take issue with the amount sought.  Specifically, the Response states that Defendant "has no objection to Plaintiff's request for fees under EAJA in the total amount of $4,235.00." [D.E. 35].  Thus, there is no opposition to Plaintiff's entitlement to fees nor any argument regarding the amount of fees requested.

Notwithstanding the parties' agreement, the Court finds the hours expended and hourly rate requested by Plaintiff to be reasonable in this case.  Section 2412(d)(2)(A) provides for cost-of-living adjustments ("COLA") that would increase the $125.00 statutory rate.  Courts adjust the cost of living using the rate of inflation as reported by the Consumer Price Index ("CPI"), published by the Bureau of Labor Statistics.  *Marquez v. Bowen*, 682 F. Supp. 48, 49 (S.D. Fla. 1987); *see e.g.,  Elkhatib v. Butler*, 2006 WL 2333566, * 4 (S.D. Fla. March 24, 2006).  Indeed, the Eleventh Circuit has approved raising the statutory cap due to a documented increase in the cost of living.  *See Brunghart v. Comm'r of Soc. Sec.,* 234 F. App'x 889, 891 (11th Cir. 2007); *Pollgreen v. Morris*, 911

F.2d 527, 538 (11th Cir. 1990).[1]  Additionally, this Court has concluded in recent cases that a COLA increase is warranted in Social Security cases. *See Healy v. Astrue*, No. 08-61228-CIV, 2009 WL 723241, at *2 (S.D. Fla. March 18, 2009); *Velez v. Astrue*, No. 08-60911-CIV, 2009 WL 102441, at *3 (S.D. Fla. Jan. 14, 2009); *Woller v. Astrue*, No. 08-60733-CIV, 2009 WL 102501, at *2 (S.D. Fla. Jan. 14, 2009).  Based on the CPI and other decisions from this district addressing a COLA increase, I find that Plaintiff's requested rates of $175.00 per hour are reasonable and appropriate.

The Court similarly concludes that the expenditure of approximately 24 hours in furtherance of Claimant's case was reasonable, in light of the workload performed by Plaintiff's counsel.  In this case, Plaintiff's counsel reviewed a comprehensive decision of the administrative law judge, sifted through hundreds of pages of transcript materials, including various medical records, and analyzed the medical opinions of several doctors. [D.E. 10].  Plaintiff likewise reviewed filings by the Commissioner and the Court.  Based on this work, Plaintiff's counsel prepared and filed a complaint in this case, as well as a significant motion for summary judgment and a response in opposition to Defendant's Motion for Summary Judgment.  Plaintiff's counsel also attended a hearing on the cross Motions for Summary Judgment.  Plaintiff's filings and argument ultimately swayed the Court to grant Plaintiff's Motion for Summary Judgment and remand the case for further proceedings.  This quantity and quality of work justifies the expenditure of 24.2 hours of attorney time.  Accordingly, none of the reported hours represent "excessive, redundant, or otherwise unnecessary work." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).

---

[1]  The Court notes that the CPI for September of 2009 was 215.969.

Thus, the Court finds that the parties' agreed-upon amount of $4,6235.00, falls within the permissible range and, in view of the quality of the work product, the Court finds this rate to be reasonable. Consequently, the Court finds the parties' settlement on Plaintiffs' attorneys' fees to be reasonable and enforceable.

## II.  CONCLUSION

Thus, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act, [D.E. 34], in the amount of $4,235.00 is **GRANTED**.

**DONE AND ORDERED** in Fort Lauderdale Florida, this 12th day of February, 2010.

                                                      ROBIN S. ROSENBAUM
                                                     United States Magistrate Judge

cc:    James S. Elkins, Esq.
       David I. Mellinger, AUSA